## ADAMS v. PECK.

1. DEFAULT: REPLICATION. The Court below did not err in refusing to grant a default for want of a replication to the answer in a case in which, under the provision of the Revision of 1860, a replication was unnecessary.

2. EVIDENCE: RECORD. The Supreme Court will not interfere with an order of the District Court made in a cause submitted on the pleadings where the records of the Court below referred to in the pleadings are not presented in the record filed in the Supreme Court.

*Appeal from Jasper District Court.*

THURSDAY, APRIL 9.

IN September, 1856, plaintiff obtained a judgment against defendants for $303.06. In March, 1861, he caused the court to be informed in writing that upon this judgment he had an execution issued by the clerk of the court, and placed in the hands of the sheriff, who has failed to return, having lost the same, and that said judgment and execution are still unsatisfied, prays the court for a rule on the clerk to issue an alias execution on said judgment.

The defendant filed an answer denying the allegations of the petition, and alleging that the execution issued was satisfied by the sale of real estate. No replication being filed, the defendant moved the court to grant a default on the answer. This motion was overruled. The court ordered that a new execution issue on the judgment. The bill of exceptions shows that the case was submitted upon the pleadings. The defendant appeals.

*Winslow & Lindlay* for the appellants.

No appearance for the appellee.

LOWE, J.— On the hearing the defendants moved for a default against plaintiff for the want of a replication to their special answer, which was overruled, and this is the first error assigned. It is enough to say that the proceeding was under the practice established by the revised Code, which makes a replication unnecessary. The court granted the rule without requiring the production of any evidence other than that afforded by the pleadings and exhibits. For this cause the defendants moved for a new trial, which was overruled, and this is the second ground of error.

The plaintiff's written statement or petition refers specially to the records of the court, and makes them a part of his application. These were before the court below but are not before us. They may have contained all the evidence requisite to sustain the plaintiff's application. For instance, the clerk is required to keep a judgment docket and to enter therein the date of the issuance of all executions, and to what county and officer issued. And he is also to enter on said docket the return of the officer, with the date of the return, the dates and the amount of all moneys received into or paid out of the office thereon, and these entries are to be made at the time, under a penalty of five hundred dollars for a failure so to do. And it may be that in this case the judgment docket showed some sort of a return of the officer, accounting for the non-return of the execution and that the same was unsatisfied. It is impossible for us to say, under the circumstances, that the court had not sufficient evidence before it to justify the decision that was made.

Affirmed.